No. 10,965.

BERTHOL BARRIOS VS. E. H. LACROIX ET ALS.

The case presents only questions of fact.

APPEAL from the Twentieth District Court, Parish of Lafourche.
Beattie, J.

L. P. Caillouet for Plaintiff and Appellee.

E. A. O'Sullivan for Defendants and Appellants.

The opinion of the court was delivered by

FENNER, J.  Plaintiff was the holder of six negotiable notes made by one W. W. Hunter, Jr., secured by mortgage and vendor's privilege on a tract of land sold by him to said Hunter.  He avers that these notes were fraudulently obtained from him by E. H. Lacroix under the false pretense that he wanted to have them examined by his lawyer, and that, if found correct, he would buy them; that he never bought the notes, but kept them and failed to return them; and, while thus in possession, conspired with Hunter to have the said notes, together with their accessory mortgage and privilege canceled and erased, and did illegally cancel them without plaintiff's knowledge or consent.

The only defendants are Hunter and Lacroix.  The first filed a general denial.  Lacroix also filed a general denial, together with a special denial of the fraud and misconduct charged and an averment that he bought the notes from plaintiff at a fixed price and by a completed sale.

Judgment was rendered in favor of plaintiff, ordering the reinstatement of his mortgage and privilege, and the return of the notes, or, in default thereof, allowing judgment for. the amount thereof with recognition of mortgage and privilege.

Lacroix alone has appealed.

We have no concern with the rights of Hunter, who has not appealed, nor with possible intervening rights of third persons who are not parties.  The sole question for our determination is the issue between plaintiff and Lacroix, of sale vel non.  If the allegations of plaintiff's petition be true, certainly Lacroix has no cause to complain of the judgment rendered against him.

The issue is purely one of fact.   The testimony is conflicting.   We have studied and weighed it very carefully.   Independently of the consideration justly due to the finding of the judge *a quo*, we have no hesitation.in saying that the evidence, taken as a whole, leaves upon our minds an overhelming conviction that it is correct; that Lacroix never bought or owned the notes; and that his dealings with them were wrongful and in fraud of plaintiff's right.

We might sustain our conclusion by a discussion of the evidence; but that would be useless and certainly not agreeable to defendant.

It is admitted, however, that the judgment should only cover five of the notes, and that the note maturing January 1, 1891, was validly acquired by Lacroix.   The judgment must be amended accordingly.

It is, therefore, ordered and decreed that the judgment appealed from be amended by striking therefrom all that part relating to the first note for $1000, maturing January 1, 1891, and that, as thus amended, the same be now affirmed, plaintiff and appellee to pay costs of this appeal.